**UNITED STATES of America,**
**Appellee,**

v.

David **MELENDEZ–SANTOS,** also known as David Santos–Melendez, also known as Jose Geronimo, also known as Jose Rafael, Defendant–Appellant.

**Docket No. 03–1536.**

United States Court of Appeals,
Second Circuit.

July 1, 2005.

---

2.  We grant Milani's motion to supplement the record on appeal, and have considered the

Alexander E. Eisemann, Katonah, NY, for Appellant.

Katherine A. Lemire, Assistant United States Attorney for the Southern District of New York (Celeste L. Koeleveld, Assistant United States Attorney, David N. Kelley, United States Attorney, on the brief), New York, NY, for Appellee, of counsel.

Present: LEVAL, STRAUB, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the case be and it hereby is **REMANDED** to the district court for further proceedings consistent with this order.

On May 2, 2003, defendant pleaded guilty to one count of illegally reentering the United States after having been deported following a conviction for the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). On August 28, 2003, the District Court sentenced defendant to a term of seventy months' imprisonment to be followed by a three-year term of supervised release. Defendant now appeals that sentence.

Relying on *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), defendant claims that his Guidelines-determined sentence constitutes a violation of his rights under the Fifth and Sixth Amendments to the United States Constitution. In particular, defendant claims that the District Court exceeded its

submitted materials in deciding this case.

authority by finding that the underlying aggravated felony that supported the indictment was a "drug trafficking offense for which the sentence imposed exceeded 13 months," U.S.S.G. § 2L1.2(b)(1)(A)(i), or, alternatively, that *Blakely* rendered the United States Sentencing Guidelines unconstitutional in their entirety.

In light of the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and this court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), this case is remanded to the district court for further proceedings in conformity with *Crosby*. Because the original sentencing judge is no longer available, the successor judge should conduct the *Crosby* inquiry as indicated in *United States v. Garcia*, 413 F.3d 201, 226–31 (2d Cir.2005).

Any appeal taken from the district court's decision on remand can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b).

A party will not waive or forfeit any appropriate argument on remand or on any appeal post-remand by not filing a petition for rehearing of this remand order.